**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| YOLANDA M. AGUIRRE, *et al.* | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3198 |
| | § | |
| SBC COMMUNICATIONS, INC., *et al.* | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

On September 13, 2005, Yolanda Aguirre, Ana Morris, Corina Ramos, Rose Urdialez, and Olga Zertuche filed this suit against SBC Communications, Inc., Southwestern Bell Telephone Company, and Southwestern Bell Telephone L.P. The plaintiffs alleged that they were misclassified as exempt employees and not paid overtime, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. In a December 8, 2005 first amended complaint, Nara Deleon, Sylvia Diahnn Sanchez, and Alejandra Amie were added as plaintiffs. On May 25, 2006, the plaintiffs filed a second amended complaint adding a claim that Sanchez had been retaliated against for filing suit.

The defendants have filed two motions for summary judgment. (Docket Entry Nos. 55, 56). This memorandum and opinion addresses the motion filed by SBC Communications, Inc. and Southwestern Bell Telephone Company seeking summary judgment on the ground that they were not the plaintiffs' "employer." (Docket Entry No. 55). In the motion, the defendants admit that Southwestern Bell Telephone L.P. was the

plaintiffs' employer during the relevant period. The defendants argue that Southwestern Bell Telephone did not exist after December 30, 2001, before the period relevant to this case, and that SBC Communications, Inc. was a holding company that did not act in the capacity required of an FLSA employer.

The other summary judgment motion, (Docket Entry No. 56), addresses the individual misclassification claims as well as Sanchez's retaliation claim. That motion is addressed in a separate memorandum and opinion.

In their response, (Docket Entry No. 62), the plaintiffs do not address the argument that they have sued entities that were not the plaintiffs' employer. The plaintiffs refer to the defendants collectively in that response as "SBC." (*Id.*).

Based on a careful review of the pleadings, the motion and response; the present record, and applicable law, this court grants SBC Communications, Inc. and Southwestern Bell Telephone Company's motion for summary judgment. The reasons are explained below.

**I.     The Applicable Legal Standard**

The FLSA requires that "employers" must follow certain practices in pay and overtime. 29 U.S.C. § 207. Under the FLSA, "the term 'employee' means any individual employed by an employer." *Id.* at § 203(e)(1). Employer is defined as follows:

> (d) "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor

organization.

*Id.* at 207(d).

In considering whether a party is an "employer," a court considers whether the alleged employer had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment, and maintained employment records. *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990); *Hopkins v. Cornerstone America*, 2007 WL 959042, at *13 (N.D. Tex. Mar. 30, 2007) (citing *Thrash v. Graves*, 909 F.2d 1549, 1553 (5th Cir.1990)).

An employee alleging violation of FLSA's overtime requirement has the burden of proving "that there exists an employer-employee relationship" as a part of his *prima facie* case by a preponderance of the evidence. *Cash v. Conn Appliances, Inc.*, 2 F. Supp. 2d 884, 892 (E.D. Tex. 1997). Whether a party is an "employer" is a question of law. *Reich v. Circle C investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993).

**II.     Analysis**

    **A.     Southwestern Bell Telephone Company**

The defendants present summary judgment evidence that Southwestern Bell Telephone Company did not exist after December 30, 2001. (Docket Entry No. 55 at 5–7). The defendants have submitted an affidavit of Starlene Meyerkord, Director in the Office for the Senior Vice President and Secretary for AT&T, Inc., formerly known as SBC Communications, Inc. (Docket Entry No. 55, Ex. 1). Meyerkrod stated that on December 30, 2001, Southwestern Bell Telephone Company merged with Southwestern Bell Texas, Inc.

forming a new entity, a partnership known as Southwestern Bell L.P. Southwestern Bell Telephone Company ceased to exist on December 30, 2001. (*Id.* at ¶ 4). AT&T, Inc., formerly known as SBC Communications, Inc., is Southwestern Bell Telephone L.P.'s holding company. (*Id.* at ¶ 2).

The FLSA is subject to a two- or three-year statute of limitations, depending on whether the violation was "willful." 29 U.S.C.A. § 255. The plaintiffs filed suit on September 13, 2005. Assuming a willful violation, the three-year statute of limitations means that alleged violations before September 13, 2002 are barred. This date is after Southwestern Bell Telephone Company ceased to exist.

The plaintiffs have produced W-2 forms that show the source of their salaries. Aguirre's W-2 form for 2001 shows that she was paid by Southwestern Bell Telephone Company. (Docket Entry No. 55, Exs. 2, 3). Aguirre's 2005 W-2 form, Amie's 2003 and 2005 forms, Deleon's 2002, 2003, 2004 and 2005 forms, Morris's 2003, 2004, and 2005 forms, Sanchez's 2002 form, and Urdialez's 2003, 2004, and 2005 forms, show that they were paid by "Southwestern Bell Telephone, L.P." after 2001. (*Id.*).

The summary judgment evidence shows that Southwestern Bell Telephone Company did not employ the plaintiffs after September 13, 2002. Southwestern Bell Telephone Company was not the plaintiffs' employer during the period relevant to this suit.

Southwestern Bell Telephone Company's summary judgment motion is granted.

### B.    SBC Communications, Inc.

The summary judgment evidence shows that AT&T, Inc., formerly known as SBC

Communications, Inc., is a holding company for Southwestern Bell Telephone L.P. (Merekrod Affidavit, Docket Entry No. 55, Ex. 1).  Meyerkrod stated in her affidavit that AT&T, Inc. holds regional and international operating subsidiaries, but does not directly do business with the public, own or maintain telecommunications facilities, or provide services to the public.  (*Id.* at ¶ 2).  AT&T, Inc. is a distinct corporate entity and "does not direct the day to day business operations of its subsidiaries." (*Id.* at ¶ 3).  The defendants also supplied an affidavit by Sheila Gordon, the Associate Director of Human Resources, AT&T, Inc., formerly known as SBC Communications, Inc.  (Docket Entry No. 55, Ex. 4).  Gordon stated that AT&T, Inc. "does not participate in the supervision, management, or direction of Call Center Managers employed by Southwestern Bell Telephone L.P.  It does not determine the job duties of Call Center Managers employed by Southwestern Bell Telephone L.P., nor does it exert any control or supervision over or make any decisions with respect to the work product, hours, schedules, or other details of the Call Center Manager's daily work." (*Id.* at ¶ 4).

The plaintiffs have submitted "Paycheck Stub" information, which appears to be from an internal website. (Docket Entry No. 55, Ex. 7).  This information shows the employees' pay, withholdings, and other expenses for a given pay period.  Aguirre, Urdialez, and Sanchez submitted paycheck stubs from May 2003 to April 2006; Amie submitted a June 2003 paycheck stub.  (*Id.*).   All the paycheck stubs contain the following language at the bottom:

>  Restricted-Proprietary Information

> The information contained herein is for use by authorized employees of
> SBC Communications, Inc. only and is not for distribution within the Company.
> © 2002–2005 SBC Knowledge Ventures, L.P.  All rights reserved.

(*Id.*).  The paycheck stubs identify Southwest Bell Telephone L.P. as the issuer of the checks.

In an interrogatory, the defendants asked, "For each Defendant, state separately the facts which you contend establish that such Defendant was your employer at any time from September 13, 2002 to the present." (Docket Entry No. 55, Ex. 6).  Aguirre, Amie, Ramos, Sanchez, and Urdialez answered that "on the paycheck stubs the Restricted Proprietary Information footnote lists SBC Communications, Inc." (*Id.*).  Deleon and Zertuche answered that "the View Time Reports the Restricted Proprietary Information footnote lists SBC Communications, Inc." (*Id.*).  The record does not show what "View Time Reports" are. Morris did not provide any specific evidence that she was employed by SBC Communications, Inc.  (*Id.*).

Courts have found that holding companies are not "employers" for the purposes of the FLSA, even if such companies assist in payroll services.  *See Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp. 2d 725, 744 (S.D. Ohio 2006) ("Defendant, Abercrombie & Fitch Co., is a holding company and not an operating company. It has no employees, no payroll and operates no stores."); *Hopkins v. Texas Mast Climbers, L.L.C.*, 2005 WL 3435033, at *4 (S.D. Tex. 2005) ("[N]either Texas Mast Climber L.L.C. nor AMS was Hopkins's employer for purposes of the FLSA. The former is merely a holding company that leases equipment

to Mast Climbers, while the latter provides staffing and payroll services; neither exercised control over Hopkins's employment."); *Nelson v. Long Lines Ltd.*, 335 F. Supp. 2d 944, 966 (N.D. Iowa 2004) ("Long Lines is a holding company that owns the stock of several subsidiary corporations and handles certain administrative functions for those subsidiary corporations. It handled the payroll for Manhattan Beach, Inc. under an arrangement whereby Manhattan Beach, Inc. reimbursed Long Lines for the payroll expense.").

At most, the record shows that SBC Communications, Inc. may provided some payroll services. The plaintiffs have not identified or submitted evidence that SBC Communications, Inc. had any involvement in their employment except that their payroll data was proprietary information of that company. The record shows that SBC Communications, Inc. was not the plaintiffs' FLSA employer.

The motion for summary judgment as to claims against SBC Communications, Inc. is granted.

**IV.     Conclusion**

SBC Communications, Inc. and Southwestern Bell Telephone Company's motion for summary judgment is granted.  (Docket Entry No. 55).

SIGNED on July 17, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge