IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YOLANDA M. AGUIRRE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3198 |
| | § | |
| SBC COMMUNICATIONS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

The plaintiffs have moved for reconsideration of this court's grant of summary judgment and entry of final judgment dismissing this Fair Labor Standards Act case. (Docket Entry No. 77). The defendant has responded. (Docket Entry No. 78). For the reasons explained below, the plaintiffs' motion is denied.

## I.    Background

On September 13, 2005, Yolanda Aguirre, Ana Morris, Corina Ramos, Rose Urdialez, and Olga Zertuche filed this Fair Labor Standards Act suit against SBC Communications, Inc., Southwestern Bell Telephone Company, and Southwestern Bell Telephone L.P. These plaintiffs alleged that they were misclassified as exempt employees and not paid overtime when they worked more than forty hours in a week. In a December 8, 2005 first amended complaint, Nara Deleon (now Nara Ramirez), Sylvia Diahnn Sanchez, and Alejandra Amie were added as plaintiffs. On May 25, 2006, the plaintiffs filed a second amended complaint adding a claim that Sanchez had been retaliated against for joining the lawsuit. On July 18,

2006, the plaintiffs moved for leave to file a third amended complaint to seek collective-action treatment for the FLSA claims and to allege that five of the plaintiffs besides Sanchez had been retaliated against for filing suit.  (Docket Entry No. 39).  For reasons explained in a memorandum and order issued at Docket Entry No. 69, this court allowed the plaintiffs to amend the complaint to add the collective-action allegation but not the new retaliation claims.

The plaintiffs sought conditional certification and court-ordered notice to putative members of a proposed collective action comprised of Developmental Coach Leaders and Administrative/Attendance Coach Leaders who worked for the defendants after January 1, 2003.  (Docket Entry No. 19).  This court denied that motion on April 11, 2006, finding that the plaintiffs had failed to show that they were similarly situated to members of the putative class and that the misclassification claim was suitable for collective-action treatment. (Docket Entry No. 26).

On May 18, 2006, the plaintiffs filed a renewed motion for notice to the potential plaintiffs and for limited expedited discovery.  (Docket Entry No. 28).  This renewed motion sought conditional certification for a subset of the original proposed class.  The renewed motion sought certification of a class only of Developmental Coach Leaders who worked for the defendants after January 1, 2003, on the basis that they were misclassified as exempt. No collective-action treatment was sought as to the Administrative/Attendance Coach Leaders.  For reasons explained in a memorandum and order issued at Docket Entry No. 69, this court denied the renewed motion.

2

After discovery, Southwestern Bell Telephone Company and SBC Communications, Inc. moved for summary judgment on the basis that they did not employ the plaintiffs. In a memorandum and order issued at Docket Entry No. 71, this court granted summary judgment for Southwestern Bell Telephone Company and SBC Communications, Inc. (The plaintiffs do not seek reconsideration as to this decision.) The remaining defendant, Southwestern Bell Telephone, L.P. ("SWB"), moved for summary judgment on the plaintiffs' misclassification claims and on Sanchez's retaliation claim. (Docket Entry No. 55). This court granted summary judgment for SWB on both the retaliation claim and the misclassification claims, (Docket Entry No. 74), and, on September 30, 2007, issued a final judgment dismissing the action with prejudice, (Docket Entry No. 75).

The plaintiffs filed a motion for reconsideration within the time set by Rule 59(e), asserting that new evidence supported their misclassification claims. (Docket Entry No. 77). The plaintiffs argue that they discovered "vital" new evidence. This evidence consists primarily of a September 28, 2007 affidavit by Nancy Garcia, who worked as an Area Manager for the SWB Call Center, supervising the plaintiffs, from October 1999 to November 2005. (Docket Entry No. 77; *Id.*, Ex. A). The plaintiffs' motion for reconsideration addresses only this court's ruling on the misclassification claims. SWB has filed a response. (Docket Entry No. 78).

Garcia is not a newly discovered witness. To the contrary, SWB presented her for a deposition on November 29, 2006, during which she was cross-examined at length by

counsel for plaintiffs. She also signed an affidavit on December 15, 2006.[1] In her November 2006 deposition, Garcia described the plaintiffs' job duties. Garcia also described the plaintiffs' job duties in her December 2006 affidavit. (Docket Entry No. 55, Exs. 2, 6). SWB attached excerpts from the deposition and the affidavit as exhibits to its December 22, 2006 summary judgment motion.

On September 30, 2007, the court granted SWB's summary judgment motion on both the retaliation and misclassification claims. The plaintiffs filed the motion for reconsideration on October 11, 2007. The motion was supported by an affidavit from Garcia signed on September 28, 2007, two days before this court had entered final judgment. In her September 28, 2007 affidavit, Garcia gave opinions that she had not expressed in her deposition testimony or earlier affidavit. In her September 2007 affidavit, Garcia opined that the plaintiffs "had very few, if any, duties that could be considered 'management' in nature" and "had virtually no discretion to make managerial-type decisions." (Docket Entry No. 77, Ex. A at 2). Garcia described tasks, which she identified as "managerial," which the plaintiffs did not do, including making recommendations or decisions regarding hiring, firing, and pay, directing the work of other employees, maintaining production or sales records, planning their own work, determining what was to be sold, controlling the distribution of what they sold, providing for the safety or security of other employees,

---

[1] Garcia had also provided affidavits in support of other SWB filings, including a March 29, 2006 affidavit in support of SWB's response to the plaintiffs' motion for notice to potential plaintiffs (Docket Entry No. 25, Ex. 2), and a June 12, 2006 affidavit in support of SWB's response to plaintiffs' renewed motion for notice to potential plaintiffs (Docket Entry No. 37, Ex. 4).

4

planning or controlling a budget, or monitoring or implementing legal compliance measures. (*Id.* at 2-4.)  In the September 2007 affidavit, Garcia blamed SWB and its counsel for the fact that she was expressing opinions that she had not given in her earlier affidavit and deposition testimony.  She stated that in her earlier affidavit and deposition testimony, "I believed the 'managers' working under me were managers . . . only because my bosses at Southwestern Bell called them managers and told me that they were, in fact, managers.  I was not thinking in terms of whether they actually performed managerial duties."  (*Id.*, Ex. A  at 4).  Garcia stated that she had "felt under pressure 'to say the right thing.'"  *(Id.).*  Garcia conceded, however, that the earlier affidavit she gave was "technically correct."  (*Id.*).  She did not contradict the facts to which she testified in her lengthy deposition or in her earlier affidavit. Specifically, Garcia did not contradict the statements she had made in her deposition and prior affidavit, describing what the Developmental Manager plaintiffs did do, including making recommendations about discharging employees, evaluating employees, enforcing monitoring rights and other union contract provisions, and describing what the Administrative/Attendance Manager plaintiffs did do, including supervising clerks and "backfills."

SWB asserts that Garcia's affidavit is neither "newly discovered" nor "evidence" that can support the relief the plaintiffs seek.

## II.    The Rule 59(e) Standard

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.*"  Carter v. Dep't of Veterans Affairs*, 228 Fed. Appx. 399, 402 (5th Cir.

2007); *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  A district court may alter or amend a final judgment under Federal Rule of Civil Procedure 59(e) based on: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice.  *Brown v. Miss. Co-op Extension Serv.*, 89 Fed. Appx. 437, 439 (5th Cir. 2004); *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 568 (5th Cir. 2003).  A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479.  A party must file a Rule 59(e) motion within 10 days after the entry of the judgment.  Fed. R. Civ. P. 59(e).

A district court has considerable discretion in deciding whether to grant a motion for reconsideration based on the discovery of new evidence.  However, this discretion is not limitless. *Templet*, 367 F.3d at 479.  A court must balance the need to render just decisions on the basis of all the facts against the need to bring litigation to an end, considering factors such as the reasons for the moving party's default, the importance of the omitted evidence to the moving party's case, whether the evidence was available to the movant before the nonmovant filed the summary judgment motion, and the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened. *See ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 848 (5th Cir. 2006); *Templet*, 367 F.3d at 479.  A court should grant the motion only if: (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could

6

not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching. *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003).

### III.    Analysis

Garcia's most recent affidavit is dated September 28, 2007, two days before this court granted SWB's summary judgment motion and entered final judgment.  The plaintiffs, however, had ample time and opportunity to submit evidence in opposition to SWB's summary judgment motion, which was filed in December 2006.  Garcia was not a witness who emerged for the first time after judgment was entered.  The plaintiffs had taken Garcia's deposition in November 2006.  Garcia signed an affidavit filed in support of SWB's summary judgment motion in December 2006.  Garcia had not stated that she learned new information after she was deposed by the plaintiffs and gave her earlier affidavit.  Garcia had left her position as an Area Manager supervising the plaintiffs in November 2005.  There is no basis to conclude that Garcia learned additional factual information about the plaintiffs' job duties after her deposition and earlier affidavit.  As noted, in her September 2007 affidavit, Garcia did not contradict the facts she testified to in her deposition or earlier affidavit.

Garcia stated in her September 2007 affidavit that in her December 2006 affidavit, she felt under pressure to "say the right thing" and believed that the plaintiffs were "managers" because she accepted her employer's assertion that they were.  (Docket Entry No. 77, Ex. A at 4).  The plaintiffs state in their motion for reconsideration that Garcia was retired from

7

SWB when she signed her most recent affidavit in September 2007.  (Docket Entry No. 77 at 2).  The defendants state that Garcia is now a client of the plaintiffs' counsel.  (Docket Entry No. 78 at 15 n.8).  There is no information in the record as to when Garcia left SWB's employment.  Garcia did not, however, state that in her earlier affidavit or deposition, she withheld information, testified falsely, or gave incorrect factual information.  The plaintiffs had ample opportunity to question Garcia at her November 29, 2006 deposition.  (Docket Entry No. 55, Ex. 6).  She is not a new witness and is not giving testimony that was not available earlier with proper diligence.

The plaintiffs also submitted excerpts of an April 25, 2006 deposition and a January 25, 2007 affidavit by Olga Zertuche in support for their motion for reconsideration.  This deposition and affidavit predate the plaintiffs' January 26, 2007 response to SWB's summary judgment motion.  The plaintiffs used Zertuche's motion in support of their response to that motion.  This evidence was available before this court granted summary judgment.  The plaintiffs cannot now rely on this evidence to seek relief under Rule 59(e).  *See ICEE Distribs. Inc.*, 445 F.3d at 848 (denying Rule 59(e) motion because proposed "new" evidence was "plainly available or easily discovered before summary judgment").

The September 2007 Garcia affidavit is also deficient as support for the Rule 59(e) motion because it does not present facts but legal conclusions and opinions.  Garcia opined that the plaintiffs are not "managers" because they "had no authority to hire or fire employees, nor did they have the opportunity to make suggestions or recommendations as to the hiring of the employees that worked under them."  The regulations do not limit the

executive exemption to employees who have such authority.  An employee may qualify as an "exempt" executive if the employee's "suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight."  29 C.F.R. § 541.100(a)(4) (2005).  As Garcia testified in her December 2006 affidavit, which she conceded is accurate, the plaintiffs made recommendations regarding the discipline and discharge of employees and the monitoring rights of employees, and Garcia and upper management relied on such recommendations.  The "evidence" in the Garcia September 2007 affidavit is not facts but reiterations of the legal arguments the plaintiffs previously made that "management" was not the plaintiffs' "primary duty" for the purpose of the executive exemption.  Because this affidavit consists of legal conclusions and opinions, which apply an incorrect standard, it is not evidence for the purpose of Rule 59(e).

Finally, the Garcia September 2007 affidavit does not present a basis for changing the outcome.  This court granted summary judgment in favor of SWB on the plaintiffs' misclassification claims because the summary judgment evidence and applicable law demonstrated that the plaintiffs fell under the "executive" exemption of the FLSA.  (Docket Entry No. 74 at 34-53).  This decision was based on the evidence in the record describing the day-to-day tasks that the plaintiffs performed while employed at SWB, relying primarily on the plaintiffs' own detailed narratives about how they performed their jobs.  (*Id.*).  Garcia's September 28, 2007 affidavit does not provide facts that, if considered, would raise a fact issue as to whether the plaintiffs fell under the executive exemption.

9

In determining whether an employee is an exempt executive, a court looks at the actual day-to-day job activities of the employee, not the labels the employee or the employer places on those duties. *See Schaefer v. Ind. Mich. Ins. Co.*, 358 F.3d 394, 400 (6th Cir. 2004) (stating that "[w]e focus on evidence regarding the actual day-to-day activities of the employee rather than more general job descriptions contained in resumes, position descriptions, and performance evaluations" in deciding whether an employee is exempt under the FLSA). Garcia's September 28, 2007 affidavit does not contradict the evidence this court relied on in its ruling. Nor does the affidavit provide information as to what the plaintiffs' actual day-to-day job activities did include, as opposed to what activities the plaintiffs did not do. Garcia conceded that the information given in her earlier affidavit was "technically correct." (Docket Entry No. 77, Ex. A at 4). Although she stated that she no longer believes that the plaintiffs' job responsibilities made them "managers," such conclusory statements about the plaintiffs' status as "managers" are not relevant to deciding the plaintiffs' classification under the FLSA. Rather, in granting summary judgment for SWB, this court concluded that the duties shown by the record provided a sufficient basis to conclude that the plaintiffs' "primary duty" for purposes of the executive exemption was "management," despite the fact that the plaintiffs did not perform other "managerial" duties listed in section 541.102. Garcia's September 2007 affidavit did not discuss the duties supporting the court's conclusion that the plaintiffs' primary duty is management. Garcia merely listed other duties that she claims the plaintiffs did not perform when Garcia supervised them. The duties on which the court relied, which were established by competent summary judgment evidence,

are sufficient to support a finding that the plaintiffs' primary duty was management. Garcia's affidavit, even if considered by this court, would not change the summary judgment ruling. *See Infusion Res., Inc.*, 351 F.3d at 696-97 (Rule 59(e) motion should not be granted unless the facts discovered would probably change the outcome of the judgment); *see also Lane v. Target Corp.*, No. C.A. C-05-306, 2007 WL 128904, at *1 (S.D. Tex. Jan. 12, 2007) ("Unless the Plaintiff presents new evidence that would change the outcome of the case, the Court should not reconsider its previous judgment.").

## IV.    Conclusion

The plaintiffs' motion for reconsideration is denied.

SIGNED on December 20, 2007, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

11